**PECKHAM MATERIALS CORPORATION, Plaintiffs,**

v.

**RAIMA CORPORATION, Vista Development Corporation, Stephen P. Smith, Paul Gallagher, Donald Drake and Ian Lauder, Defendants.**

**Nos. 90 Civ. 4134 (VLB), 92 Civ. 7943 (VLB).**

United States District Court, S.D. New York.

Feb. 11, 1993.

John A. Keeffe, Eastchester, NY, for plaintiffs.

Stephen R. Steinberg, Serchuk & Zelermyer, White Plains, NY, for defendants.

Gladstein & Isaac, American Nat. Fire Ins. Co., New York City, for American Nat. Fire Ins. Co.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This memorandum order reflects my decision of a motion in 90 Civ. 4134, and contains directions pertaining to both 90 Civ. 4134 and 92 Civ. 7943.

### I

The lawsuit in 90 Civ. 4134 arises out of a dispute between a computer software purchaser, Peckham Materials Corporation (plaintiff) and software suppliers (defendants); plaintiff has moved for leave to file a third amended complaint.[1]

Under Fed.R.Civ.P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." If a complaint would be subject to immediate dismissal, justice would not be served by permitting its filing. The criterion applicable here is thus furnished by Fed.R.Civ.P. 12(b)(6), pursuant to which a complaint may be dismissed if it fails to "state a claim upon which relief can be granted." Allegations of facts, not legal conclusions, are the essence of a complaint, and provide the basis for determining whether it can be upheld. See generally *Volvo North America Corp. v. Men's International Tennis Council,* 857 F.2d 55 (2d Cir.1988); Marcus, *The Revival of Fact Pleading Under the Federal Rules of Civil Procedure,* 86 Colum.L.Rev. 433 (1986).

I grant leave to file the proposed third amended complaint, which I find not subject to a motion to dismiss, without endorsing the validity of the legal conclusions or categorizations contained in the proposed complaint.

### II

Peckham's third amended complaint sets forth a number of claims which are labelled in ways which assume that software developed jointly for its needs by it and defendants was the exclusive property of Peckham. No factual basis has been provided for this assumption, such as a specific conversation or document in which such an arrangement was agreed to. Without a specific agreement to the contrary or some basis—absent here—for inferring the existence of such an agreement, it is logical to assume that both participants in joint efforts have free use of the results. See generally *Those Characters from Cleveland v. J.J. Gams,* 1992 WL 135580, 23 U.S.P.Q.2d 1109 (S.D.N.Y.1992). For example, one would hardly expect that a garage mechanic who while working on a car discovered a better way to fix a defective part could not freely use the discovery in repairing subsequent vehicles without permission of the car's owner.

None of the indicia of a trade secret immune from disclosure by those in a position of trust has been alleged. See generally *Integrated Cash Management v. Digital*

---

1. The first complaint, asserting RICO and other claims, was dismissed, and the second complaint would be voluntarily superseded by the proposed third amended complaint.

*Transactions,* 920 F.2d 171, 173 (2d Cir. 1990).

Nor can one assume that one who contributes to developing an improvement in an art obtains exclusive rights to the improvement unless it falls into a protected category such as a patented or patentable invention, a copyrighted work qualifying as such, or a trademark. See generally *Feist Publications v. Rural Telephone Service Co.,* ──── U.S. ────, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Bonito Boats v. Thunder Craft Boats,* 489 U.S. 141, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989).

In upholding the validity of the proposed third amended complaint as a pleading, I do not imply, therefore, that claims are viable that the plaintiff has exclusive proprietary rights in software developed with or for plaintiff. Instead, I permit the filing of the complaint because the facts alleged, as distinct from legal conclusions or labels, fit the pattern of a claim of breach of an implied contract with its accompanying duty of good faith and reasonable performance during a period of software development and implementation after the written contract between the parties expired.[2]

### III

Now that the scope of Peckham's claims has been more precisely defined, the parties are directed to revive their efforts to settle this matter, and to notify the court whether its good offices would be useful in that regard.

If such efforts in the absence of client presence are unsuccessful, principals of both corporate parties with authority to settle the case are directed to attend a settlement conference to be held on Tuesday March 23, 1993 at 10 AM.

If the companion declaratory judgment case 92 Civ. 7943 is still pending before me at that time, I direct that representatives of American National Fire Insurance Company, plaintiff in that case, with authority to settle all relevant litigation on behalf of that carrier, attend such settlement conference.

---

2. The facts set forth in the third amended complaint contain no allegation of violation of any

Further discovery in 90 Civ. 4134 is stayed pending such settlement conference.

SO ORDERED.

written contract between the parties.